IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GILBERT WALKS, JR., | CV 14-00122-BLG-SPW-CSO |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| RICHARD CEBULL, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Gilbert Walks'
Motion to Proceed in Forma Pauperis (*ECF 4*), proposed Complaint
(*ECF 1*), and Supplemental Complaint (*ECF 5*).

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Walks has filed a Motion to Proceed in Forma Pauperis and
submitted an account statement sufficient to make the showing
required by 28 U.S.C. §1915(a).  *ECF 4*.  The request to proceed in
forma pauperis will be granted.  28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Walks must pay the statutory
$350.00 filing fee.  Walks submitted an account statement showing
deposits in the amount of $1,806.05 between April 3, 2014, and

1

September 19, 2014. *ECF 4-1*. Therefore, his average monthly deposits is $301.00 and an initial partial filing fee of $60.22 will be assessed by this Order. 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). A separate order will direct the Bureau of Prisons to collect the initial partial filing fee from Walks' account and forward it to the Clerk of Court.

Thereafter, Walks must make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. 28 U.S.C. § 1915(b)(2). A separate order will direct the agency having custody of Walks to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF CASE

### A. Parties

Walks is a federal prisoner proceeding without counsel. The named Defendant is former United States District Court Judge Richard F. Cebull.

## B. Allegations

Walks alleges racial bias and due process violations under the Fourth, Fifth, Sixth and Fourteenth Amendments arising from incidents in 2002, October 2011 and May 4, 2012. *ECF 1 at 3.* The portion of the Complaint asking for a statement of supporting facts is blank. *ECF 1 at 3-4.* He provides no factual allegations in support of his claims.

## C. Criminal Proceedings

A review of the Court's records reveals four criminal actions involving Walks.[1] *See United States v. Walks,* Criminal Action No. 2011-cr-65-BLG-SPW; *United States v. Walks,* Criminal Action No. 2010-cr-87-BLG-SPW; *United States v. Walks,* Criminal Action No. 2002-cr-125-BLG-JDS, and *United States v. Walks,* Criminal Action No. 2000-cr-123-BLG-JDS. Judge Cebull presided only over Criminal Action No. 11-cr-65-BLG. In that case, Walks plead guilty to two counts of unlawfully trafficking in migratory birds and two counts of

---

[1]A court may take judicial notice of its own as well as other courts' records. *See, e.g.*, *Rand v. Rowland*, 154 F.3d 952, 961 (9th Cir. 1998) (en banc); *Zolg v. Kelly (In re Kelly)*, 841 F.2d 908, 911 n.1 (9th Cir. 1988).

unlawfully trafficking in eagles. *United States v. Walks,* Criminal

Action No. 11-cr-65-BLG, *ECF* 18. Walks was sentenced by Judge

Cebull on May 4, 2012, to 24 months incarceration to run consecutive to

Walks' sentence in *United States v. Walks,* Criminal Action No. 10-cr-

87-BLG. *See United States v. Walks,* Criminal Action No. 11-cr-65-BLG,

*ECF 21.* The Ninth Circuit affirmed Walks' sentence on March 22,

2013. *United States v. Walks,* Criminal Action No. 1-cr-65-BLG, *ECF

33.*

## III. PRELIMINARY SCREENING OF THE COMPLAINT

### A. Standard

Because Walks is a prisoner proceeding in forma pauperis, his

Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C.

§ 1915A. These statutes require the Court to review a prisoner's

complaint and dismiss it or portions thereof before it is served upon the

defendants if it finds that the complaint is "frivolous," if it "fails to state

a claim upon which relief may be granted," or "seeks monetary relief

from a defendant who is immune." A complaint is frivolous if it "lacks

an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S.

319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(*quoting Bell*, 127 S.Ct. at 1964 (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it

does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

### B. Analysis

Given the lack of factual allegations in the Complaint, it is difficult to determine the precise nature of Walks' claims. Nevertheless, it is clear that the Complaint should be dismissed for a number of reasons. First, Walks seeks to sue the federal judge who presided over his criminal proceedings. Judge Cebull is entitled to immunity. Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless the

judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). For purposes of judicial immunity, "[a] clear absence of all jurisdiction means a clear lack of subject matter jurisdiction." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1389 (9th Cir. 1987). The Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been,  . . .  however injurious in its consequences it may have proved to the plaintiff" and irrespective of the judge's motivation. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985).

Judge Cebull's actions in Walks' criminal proceedings were clearly judicial in nature and within his official duties. He had subject-matter jurisdiction over Walks' court proceedings and is thus entitled to judicial immunity.

Secondly, to the extent Walks is seeking to challenge his criminal convictions, he cannot do so with a civil complaint. Since Walks' criminal convictions have not been overturned, all claims relating to his

criminal proceedings are barred by *Heck v. Humphrey*, 512 U.S. 477,

486-87 (1994). In *Heck*, the United States Supreme Court held that "in

order to recover damages for an allegedly unconstitutional conviction or

imprisonment, or for other harm caused by actions whose unlawfulness

would render a conviction or sentence invalid, a § 1983 plaintiff must

prove that the conviction or sentence has been reversed on direct

appeal," or otherwise declared invalid, called into question by the

issuance of a habeas writ, or expunged. *Id.*

> [W]hen a state prisoner seeks damages in a section 1983
> suit, the district court must consider whether a judgment in
> favor of the plaintiff would necessarily imply the invalidity of
> his conviction or sentence; if it would, the complaint must be
> dismissed unless the plaintiff can demonstrate that the
> conviction or sentence has already been invalidated. But if
> the district court determines that the plaintiff's action, even
> if successful, will not demonstrate the invalidity of any
> outstanding criminal judgment against the plaintiff, the
> action should be allowed to proceed.

*Heck*, 512 U.S. at 487.

A determination in this Court regarding whether any of Walks'

rights were violated during his criminal proceedings would necessarily

imply the invalidity of that conviction.

None of Walks' convictions in this Court have been reversed,

8

declared invalid, expunged, or called into question. *See* Criminal Action Nos. 2011-cr-65-BLG-SPW, 2010-cr-87-BLG-SPW, 2002-cr-125-BLG-JDS, 2000-cr-123-BLG-JDS. Therefore, Walks' claims are also barred by *Heck*.

## IV. CONCLUSION

Judge Cebull is entitled to judicial immunity and Walks' claims are barred by the *Heck* doctrine. These are not defects which could be cured by amendment. Accordingly, the Complaint should be dismissed with prejudice.

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). Walks' claims are frivolous as they are brought against a defendant clearly entitled to judicial immunity. This dismissal should count as a strike.

Accordingly, the Court issues the following:

# ORDER

1.  Walks' Motion for Leave to Proceed in forma pauperis (*ECF 4*) is granted.  The Clerk of Court shall waive prepayment of the filing fee.

2.  The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on September 8, 2014.

Further the Court issues the following:

# RECOMMENDATIONS

1.  Walks' Complaint (*ECF 1*) and Supplemental Complaint (*ECF 5*) should be dismissed with prejudice.  The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Walks' Complaint is frivolous.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not

be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Walks may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 24th day of October, 2014.

 */s/ Carolyn S. Ostby* 
United States Magistrate Judge

---

[2]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.